[No. 1647.]

## James Winn *v.* The State.

15  169
36  495
36  638

1. Venue of the Offense.—Unless the record on appeal discloses proof of the venue of the offense, in conformity with the charge in the indictment, the conviction cannot stand.
2. Accomplice Testimony—Charge of the Court.—When there is evidence implicating a State's witness, and his testimony is materially prejudicial to the defendant, it is incumbent on the trial court, whether asked or not, to give in charge to the jury the law governing that species of proof. Note the evidence which is held to have invoked this rule in the present case.

Appeal from the District Court of Bosque. Tried below before the Hon. Joe Abbott.

Appellant was indicted and convicted for the theft of two head of neat cattle, the property of J. L. Boynton, on August 2, 1882. A term of two years in the penitentiary was the punishment assessed against him.

J. L. Boynton, testifying for the State, said that he had two red yearlings, necked together, running on the range in the neighborhood of Mr. Nunley's. They were in the mark and brand of witness, and he had not sold them to the defendant, nor consented that the defendant should take or sell them. Witness knew nothing about the taking of the said yearlings.

M. D. Nunley, for the State, testified that he knew the defendant. About the second of August, 1882, Jim Posey came to witness's house and had some conversation with the defendant, and the defendant got on a horse, when witness called to him to come and go to work. Defendant replied that he was going out on the prairie to show Posey some yearlings, and would be back directly. Defendant rode off with Posey and Willie Wilson, and, about the time he got back to the house of the witness, the latter saw Posey and Wilson driving two yearlings, which were necked together, and which were of a reddish color, as well as witness could tell at the distance he was from them— say half or three-quarters of a mile. Witness asked the defendant if he authorized Posey to drive off the said yearlings,

and the defendant said he had not, but had told Posey to let them alone. Witness then told G. W. Bowen to get on his horse and go and tell Jim Posey not to drive off those yearlings— that Jim Winn, the defendant, did not have any yearlings. About half or three-quarters of an hour afterward, two yearlings, necked together, which witness took to be the same as those already spoken of, came back by the witness's house. One of them was a red yearling, and the other a reddish brindle. They were in the mark and brand of J. L. Boynton. Witness, however, was not certain they were the same yearlings which Posey was driving off, inasmuch as the distance was too great for him to see the mark and brand of the animals Posey was driving, though not too great to see that they were necked together and of a reddish color.

Willie Wilson, for the State, testified that he went with the defendant and Jim Posey to some cattle on the prairie. Defendant pointed out to Posey two yearlings which were necked together, and said they were the yearlings he proposed to let Posey have. Defendant sold them to Posey for twenty dollars, in part payment of a debt of twenty-five dollars which he owed Posey, and directed Posey to take them and strike out for Kimball by a certain route across the prairie. Witness said there was no road and no houses by the route the defendant spoke of, and that there was a public road to Kimball, and houses on it. After the defendant left, the witness went with Posey to drive the yearlings, and after they had driven them a short distance, witness noticed the brand on them, and told Posey it was Mr. Boynton's brand. When they had driven the yearlings about a mile, Mr. Bowen overtook them, and told Posey that Mr. Nunley said he had better turn them loose or he would get into trouble, for they did not belong to Jim Winn, the defendant. Posey and witness drove the yearlings a hundred or two yards further, and then turned them loose.

Jim Posey, for the State, testified that the defendant said he had two yearlings which he would let witness have for his debt, and went on the prairie with witness and showed him the two yearlings. Witness said to defendant, "You don't propose to charge me twenty-five dollars for these yearlings," and asked the defendant what the yearlings cost him. Defendant said twenty dollars, and then told witness he could take them for that amount, and that he would pay witness the balance. Defendant further said he had not yet bought the yearlings, but

that they belonged to Mr. Nunley, and he, defendant, could get them for twenty dollars, and would let witness have them for the same price, and would bring them down to him. Witness asked the defendant why, if he knew he could get the yearlings, he, the witness, could not then take them along. The defendant assented, and told witness it would be all right, and to take the yearlings and strike out for Kimballville. Defendant did not assist the witness and Willie Wilson in driving the cattle, and did not tell witness which route to take them.

The defense moved for a new trial, which was refused, and notice of appeal given.

No brief for the appellant has reached the Reporters.

*J. H. Burts,* Assistant Attorney General, for the State.

WILLSON, JUDGE. 1. There is no proof in the record of the venue of the offense, and in the absence of such proof the conviction must be set aside. (*Williamson* v. *The State,* 13 Texas Ct. App., 514.)

2. There was evidence implicating the State's witness, Jim Posey, in the alleged theft. This being the case, and his testimony being material against the defendant, the court should have instructed the jury upon the law relating to the testimony of an accomplice. (*Sitterlee* v. *The State,* 13 Texas Ct. App., 587.)

The judgment is reversed and cause remanded.

*Reversed and remanded.*